[776 NYS2d 67]

In the Matter of SHELLEY D. MILLER (Admitted as SHELLEY DANIELLE MILLER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 5, 2004

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Michele Martino* and *Robert J. Saltzman* of counsel), for petitioner.

*Shelley D. Miller*, Brooklyn, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition containing one charge of professional misconduct. The Special Referee sustained the charge after a hearing. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the petitioner's motion.

Charge One alleges that the respondent defrauded her client and converted funds entrusted to her as a fiduciary to her own use and benefit, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]) and DR 1-102 (a) (4) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [7]).

The respondent was retained by Khaled Abdulaziz and Fatema Abdulaziz in connection with immigration matters. In or about May 1997, the respondent and Safwan Mohamed formed Tiharga, Ltd. (hereinafter Tiharga), and named Khaled Abdulaziz as a silent partner, without his knowledge. The respondent and Mr. Mohamed later named themselves as Vice President/General Counsel and President of Tiharga, respectively.

Between November 26, 1997, and December 1, 1997, Fatema Abdulaziz wire transferred $611,953.14 from her bank in Kuwait to the respondent's attorney escrow account at Fleet Bank, at the respondent's suggestion, for the purpose of safeguarding those funds and for the support of herself and her five children while they were in the United States. Without the knowledge or consent of Khaled Abdulaziz or Fatema Abdulaziz, the respondent deposited $600,000 of that money into Tiharga's bank account at Fleet Bank.

On or about December 31, 1997, the respondent issued a check drawn on her attorney escrow account at Fleet Bank, in the sum of $9,000, to Safwan Mohamed. On or about January 1, 1998, the respondent and Safwan Mohamed each borrowed

$150,000 from Tiharga without the knowledge or consent of Khaled Abdulaziz or Fatema Abdulaziz.

On or about June 16, 1998, Safwan Mohamed purchased a building at 298 Atlantic Avenue without the knowledge or consent of the Abdulazizes. Mr. Mohamed held title and a mortgage in his name alone. The respondent subsequently took up residence in an apartment in the subject building, rent-free, without the knowledge or consent of the Abdulazizes.

Based on the evidence adduced, the Special Referee properly sustained both charges. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent offered no evidence in mitigation. Her prior disciplinary history consists of one letter of caution dating back to 1996 for failing to reregister. Under the totality of circumstances, the respondent's misconduct warrants her disbarment.

PRUDENTI, RITTER, SANTUCCI, ALTMAN and SCHMIDT, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Shelley D. Miller, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Shelley D. Miller is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Shelley D. Miller has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and she shall certify to the same in her affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).